UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Mark A. McBride, # 18456-001,                )  **C/A No. 8:05-1682-TLW-BHH**
                                             )
                                             )
                          Petitioner,        )
                                             )  **Report and Recommendation**
vs.                                          )
                                             )
John J. LaManna, Warden of FPC-Edgefield,    )
                                             )
                          Respondent.        )
                                             )
_____

# *Background of this Case*

The petitioner seeks review of the Federal Bureau of Prisons'
application of a Program Statement (PS 5331.01), which was issued on
September 29, 2003,[1] to refuse to allow him to make use of the sentence-
reduction provisions of 28 U.S.C. § 3621(e) for a second time upon his
completion of a second residential drug-abuse program during his second
period of federal incarceration.  The petitioner is in the custody of the Federal
Bureau of Prisons (BOP) for the second time since 1997.

---

[1]A copy of Program Statement 5331.01 appears as Exhibit B to the petition in the
above-captioned case (Entry No. 1).

1

During his first period of incarceration (for money laundering), the petitioner completed the required drug-abuse program and received a sentence reduction. He was released from the BOP in 2001. The petitioner indicates that, after his release, he relapsed into alcohol abuse. He was later charged with and convicted of perjury and returned to BOP custody in October of 2003. Upon re-entry to BOP custody, the petitioner, who had hoped to receive a sentence reduction again, requested to participate in the drug-abuse program. He was accepted into the program, but was subsequently told that a "new" Program Statement had been issued since his initial incarceration, and that under that new Program Statement, an inmate could only receive the § 3621 sentence reduction "once." The Federal Bureau of Prisons apprised the petitioner that since he had already benefitted from the reduction on his first sentence, he could not receive a reduction on his current sentence for perjury.

The petitioner claims that the Program Statement shows an abuse of discretion and improper statutory interpretation by the BOP, and seeks to be held only to the terms of the statutory implementing regulation, 28 C.F.R. § 550.58. The petitioner also alleges facial invalidity of the Program Statement and an *ex post facto* violation.

2

The petitioner delivered the petition in the above-captioned case to prison officials for mailing on June 10, 2005. The petition was formally filed on June 13, 2005. In an order filed in this case on June 21, 2005, the undersigned granted the petitioner's motion to proceed *in forma pauperis* and directed the respondent to file a return. On August 3, 2005, the petitioner filed a motion for a temporary restraining order (Entry No. 6). The United States filed its return and motion to dismiss, or, in alternative, motion for summary judgment (Entry No. 7) on August 10, 2005.

The undersigned on August 11, 2005, issued a Roseboro order (Entry No. 8) to apprise the petitioner of dispositive motion procedure. Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975)(district court must advise a *pro se* litigant confronted by a dispositive motion from an adverse party of his or her right to file counter-affidavits or other responsive material, and be alerted to the fact that his or her failure to so respond might result in the entry of summary judgment against him or her). Also on August 11, 2005, the petitioner filed his second motion for a temporary restraining order (Entry No. 9). On August 24, 2005, the petitioner filed his response (Entry No. 10) to the respondent's motion to dismiss or, in alternative, motion for summary judgment.

3

The parties agree that the petitioner has exhausted his administrative remedies in the Federal Bureau of Prisons.  *See* respondent's motion to dismiss or, in alternative, motion for summary judgment (Entry No. 8), at page 4.  Counsel for the respondent acknowledges that the above-captioned case is now ripe for judicial review under United States v. Woods, 888 F.2d 653, 654, 1989 U.S.App. LEXIS® 15858 (10th Cir. 1989), *cert. denied*, Woods v. United States, 494 U.S. 1006, 108 L.Ed.2d 478, 110 S.Ct. 1301, 1990 U.S. LEXIS® 1082 (1990).

# *Discussion*

Although both state and federal prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 96 L.Ed.2d 282, 107 S.Ct. 2400, 1987 U.S. LEXIS® 2604 (1987). The Federal Bureau of Prisons and its employees, particularly a warden, have the power to manage and regulate all persons convicted of offenses against the United States.  *See* 18 U.S.C. § 4042.  Once a person is convicted of a federal crime and is committed to the custody of the Attorney

4

General of the United States, the Federal Bureau of Prisons has the sole authority to determine that person's place of confinement and under what circumstances that person shall be confined.  18 U.S.C. § 3621(b).

The petitioner contends that the Program Statement was adopted in violation of the Administrative Procedures Act.  The Administrative Procedures Act, which is codified at 5 U.S.C. § 554 *et seq*., and at 5 U.S.C. § 701 *et seq.*, is *not* applicable to inmates of the Federal Bureau of Prisons. *See* 18 U.S.C. § 3625: "The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." Moreover, although 5 U.S.C. § 553 (which requires a federal agency or department to publish rules and regulations in the Federal Register) is not included in 18 U.S.C. § 3825, the notice and comment requirements are not applicable to an agency's interpretive rules, general statements of policy, or rules of procedure and practice.  *See* 5 U.S.C. § 553(b)(3), which is cited in <u>Hill v. Adams</u>, 2004 U.S. Dist. LEXIS® 29863,\*28, 2004 WESTLAW® 3322517, \*6-\*7 (S.D.W.Va., September 29, 2004)(challenge to BOP's then-new community correctional center policy), where the district court held that "absent some constitutional violation, § 3625 effectively precludes judicial

5

review of any BOP decision with respect to pre-release custody under § 3624(c)."

Moreover, several federal courts have held that 18 U.S.C. § 3625 precludes review under the APA of a BOP decision (under the BOP's Administrative Remedy Procedure) affecting an individual federal prisoner. Fristoe v. Thompson, 144 F.3d 627, 630-631, 1998 U.S. App. LEXIS® 8140 (5th Cir. 1998)(although rule-making activities of the BOP are reviewable under the APA, § 3625 precludes judicial review of the BOP's substantive decision in an individual case), which is cited in Simmons v. United States, 2005 WESTLAW® 2219257 [no LEXIS® citation available] (N.D. Texas, September 13, 2005)("Because Plaintiff seeks review of the BOP's application of 18 U.S.C. § 3621(e)(2)(B) to his particular case, 18 U.S.C. § 3625 precludes jurisdiction under the APA.").

The attention of the parties is directed to Grassi v. Hood, 251 F.3d 1218, 2001 U.S. App. LEXIS® 9300 (9th Cir. 2001), *as amended*, 260 F.3d 1158, 1159, 2001 U.S.App. LEXIS® 17674 (9th Cir. 2001)(correcting sentence in slip opinion and denying rehearing and rehearing *en banc*), *cert. denied*, 534 U.S. 1148, 151 L.Ed.2d 1004, 122 S.Ct. 1110, 2002 U.S. LEXIS® 1098 (2002). In Grassi v. Hood, a prisoner who had received a

6

"two-point" enhancement for carrying a gun during the crime of conviction challenged a BOP Program Statement to deny early release based on completion of a residential substance abuse program.   The Program Statement at issue in Grassi v. Hood excluded prisoners who had committed crimes that the BOP would not classify as non-violent.   The prisoner in Grassi v. Hood was granted relief by the district court in Oregon, but the United States timely appealed.

On appeal in Grassi v. Hood, the United States Court of Appeals for the Ninth Circuit relied on Supreme Court case law holding that a "program statement" is an "internal agency guideline . . . which is akin to an 'interpretative rule' that do[es] not require notice and comment."  Grassi v. Hood, 251 F.3d at 1220, quoting Reno v. Koray, 515 U.S. 50, 61, 132 L.Ed.2d 46, 115 S.Ct. 87, 1995 U.S. LEXIS® 3781 (1995).  The United States Court of Appeals for the Ninth Circuit noted that, under the holding in Reno v. Koray, since program statements are not subject to the Administrative Procedures Act, they are not entitled to the deference that courts give to published agency regulations.  Grassi v. Hood, 251 F.3d at 1220.  Even so, program statements "are 'still entitled to some deference.'" Grassi v. Hood, 251 F.3d at 1220, quoting Reno v. Koray, supra.

7

Significantly, the United States Court of Appeals for the Ninth Circuit in Grassi v. Hood relied on the holding of the Supreme Court of the United States in Lopez v. Davis, 531 U.S. 230, 148 L.Ed.2d 635, 121 S.Ct. 714, 2001 U.S. LEXIS® 642 (2001), in which the Supreme Court upheld the BOP's exclusion of "violent" persons from the residential substance abuse program.[2]  The Court also relied on a Ninth Circuit case, Bowen v. Hood, 202 F.3d 1211, 1220-1222, 2000 U.S. App. LEXIS® 1419 (9th Cir. 2000)(upholding Bureau of Prisons Program Statement that prisoners whose crime of conviction involved possession, carrying, or use of firearm were ineligible for early release based on successful completion of drug treatment program), *cert. denied*, Gavis v. Hood, 531 U.S. 1111, 148 L.Ed.2d 769, 121 S.Ct. 854, 2001 U.S. LEXIS® 691 (2001), and *cert. denied*, Grier v. Hood, 531 U.S. 1111, 148 L.Ed.2d 769, 121 S.Ct. 854, 2001 U.S. LEXIS® 692 (2001).  Grassi v. Hood, 251 F.3d at 1220-1222.

---

[2]Some commentators have criticized the decision of the Supreme Court in Lopez v. Davis.  *See*, *e.g.*, Note: Lopez v. Davis: Has the Bureau of Prisons Exceeded Its Statutory Authority Over Early Release Programs Enacted by Congress?, 49 Wayne L. Rev. 1007, 1029 (Winter 2004)(BOP regulation on non-violent offenders who possessed, used, or carried a firearm causes a "negative impact" on the substance abuse treatment program (SATP): "For the SATP to be most beneficial, it must get the largest amount of inmates to participate because these individuals are going to be released from prison within a year, otherwise congressional intent is likely to be thwarted.")

In light of the decision of the Supreme Court of the United States in <u>Lopez v. Davis</u>, <u>supra</u>, the undersigned concludes that the BOP's denial of the petitioner's request for early release for participation in a residential substance abuse program was proper under the Program Statement, notwithstanding the obvious conflict with 20 C.F.R. § 550.58. Moreover, the United States Court of Appeals for the Fourth Circuit has held that the denial of a reduction of a sentence under 18 U.S.C. § 3621 for an inmate convicted of a non-violent offense who actually completed drug treatment program did not deny the prisoner a protected liberty interest under the due process clause). <u>Pelissero v. Thompson</u>, 170 F.3d 442, 1999 U.S.App. LEXIS® 4025 (4th Cir. 1999).

The petitioner also contends that the undersigned is not bound by the Order issued by the Honorable Cameron McGowan Currie, United States District Judge, in <u>Larry Mooneyham v. Federal Bureau of Prisons, et al.</u>, Civil Action No. 4:02-2850-22BH.[3] In <u>Mooneyham</u>, the respondents took the same position that they have taken in the above-captioned case: "it is the

---

[3]In the spring of 2005, the Office of the Clerk of Court implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number for the above-captioned case reflect the United States District Judge assignment and United States Magistrate Judge assignment. Civil Action No. 4:02-2850-22BH was pending in this court when a different case numbering system was used by this district court.

Government's position that to grant early release to an inmate who has previously been granted this benefit, even though the term of imprisonment is separate and unrelated, would be counter to the BOP's philosophy of the inmate assuming personal responsibility for his behavior once released to the community." (Report and Recommendation [Entry No. 13] in Civil Action No. 4:02-2850-22BH, filed on July 29, 2003, by the Honorable Thomas E. Rogers, III, United States Magistrate Judge, at page 9).

In Civil Action No. 4:02-2850-22BH, the United States also contended, as it does in the above-captioned case, that, under the holding in Lopez v. Davis, supra, the use of the word "may" in 18 U.S.C. § 3621(e)(2)(B) allows the BOP to reduce a prisoner's sentence but does not require it to do so. Magistrate Judge Rogers concluded that the BOP has such discretion:

> Based on the above, the undersigned concludes that the BOP has discretion on whether or not to grant early release. The Statute reads that the BOP "may" reduce the sentences of inmates but it does not state that the BOP has a duty to provide early release. Therefore, the exercise by the Director of the BOP is not contrary to statute and petitioner has no constitutionally protected right to early release. The denial of early release under the Statute does not create a liberty interest under the due process clause. Petitioner has failed to submit any evidence of arbitrary and capricious decision making on behalf of respondent. Thus, it is recommended that the petitioner's habeas corpus petition be dismissed and respondents' motion summary judgment be granted.

(Report and Recommendation [Entry No. 13] in Civil Action No. 4:02-2850-22BH, filed on July 29, 2003, by the Honorable Thomas E. Rogers, III, United States Magistrate Judge, at pages 16-17).

The parties in Civil Action No. 4:02-2850-22BH were apprised of their right to file timely written objections to Magistrate Judge Rogers' Report and Recommendation and of the serious consequences of a failure to do so. No objections were filed.  On August 21, 2003, Judge Currie adopted the Report and Recommendation and granted the respondents' motion for summary judgment (Entry No. 14 in Civil Action No. 4:02-2850-22BH).  No appeal was filed in Civil Action No. 4:02-2850-22BH.

Although Judge Currie's Order of August 21, 2003, which adopted Magistrate Judge Rogers' Report and Recommendation in Civil Action No. 4:02-2850-22BH, is not binding on any other United States District Judge in this judicial district, the United States Magistrate Judges and the United States District Judges of the United States District Court for the District of South Carolina may still take judicial notice of Civil Action No. 4:02-2850-22BH.  Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).  *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note

11

that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

In light of Judge Currie's Order in Civil Action No. 4:02-2850-22BH, the decision of the Supreme Court in Lopez v. Davis, supra, the decision of the United States Court of Appeals for the Ninth Circuit in Grassi v. Hood, supra, and the decision of the United States Court of Appeals for the Fourth Circuit in Pelissero v. Thompson, supra, the undersigned concludes that program statement (PS 5331.01) is a valid exercise of the discretion entrusted to the Federal Bureau of Prisons under 18 U.S.C. § 3621.  *See* Aloe Creme Laboratories, Inc. v. Francine Co., supra, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296.
See also Fonner v. Thompson, 955 F. Supp. 638, 642 1997 U.S.Dist.
LEXIS® 6960 (S.D.W.Va. 1997)(upholding denial of sentence reduction,
after federal prisoner completed residential drug treatment program, based
on policy statement classifying his crime [felon in possession of firearm] as
violent): "The statute is discretionary and is not a 'dramatic departure from
the basic conditions' of petitioner's sentence."

There is no violation of the *Ex Post Facto* Clause in the Program
Statement because it has not increased the punishment for the petitioner's
crime (perjury) for which he is currently serving his federal prison sentence.
Hill v. Adams, supra, 2004 U.S. Dist. LEXIS® 29863 at *52-*55, 2004
WESTLAW® 3322517 at *14, which cites, inter alia, Lynce v. Mathis, 519
U.S. 433, 441, 137 L.Ed.2d 63, 117 S.Ct. 891, 1997 U.S. LEXIS® 1269
(1997).  In fact, there has been no *ex post facto* violation at all in the above-
captioned case.  Although the Program Statement (PS 5331.01) at issue in
the above-captioned case was formally issued on September 29, 2003, the
pleadings in Larry Mooneyham v. Federal Bureau of Prisons, *et al.*, Civil
Action No. 4:02-2850-22BH, reveal that the policy outlined in the Program
Statement was already in effect in 2001.  In other words, the petition filed by

13

Larry Mooneyham in Civil Action No. 2:04-2850-22BH reveals that the BOP

had a policy of not granting early release to an inmate more than once no

later than December 4, 2001, which was prior to the underlying conduct that

gave rise to the petitioner's current conviction for perjury. *See* pages 10-13

of the petition [Entry No. 1] filed by Larry Mooneyham in <u>Larry Mooneyham</u>

<u>v. Federal Bureau of Prisons, *et al.*</u>, Civil Action No. 4:02-2850-22BH, where

the BOP noted:

> \*    \*    \* However, Congress allowed the Bureau of Prisons
> discretion in denying this incentive to inmates who have
> completed the Residential Drug Abuse Program, gained early
> release, but failed to remain drug free and crime free. To provide
> incentive to the same inmate twice would be counter to our drug
> treatment philosophy that inmates be accountable for their
> actions when released to the community. This does not reflect
> a new requirement or change in policy. In fact, since
> implementation of 3261(e) early release in June 1995, we have
> not granted early release to an inmate more than once.
>
> Your Request for Administrative Remedy is denied.

(BOP Response to Administrative Remedy [dated January 8, 2002], which

was filed as an exhibit by Larry Mooneyham in <u>Larry Mooneyham v. Federal</u>

<u>Bureau of Prisons, *et al.*</u>, Civil Action No. 4:02-2850-22BH). This

administrative remedy request by Larry Mooneyham arose out of the denial

issued by the BOP on December 4, 2001. *See* Entry No. 1 in <u>Larry</u>

14

Mooneyham v. Federal Bureau of Prisons, et al., Civil Action No. 4:02-2850-22BH, at pages 10-13.

Since Policy Statement 5331.01 (issued on September 29, 2003) merely reduces to writing what had actually been prior BOP policy and practice, no ex post facto violation has occurred.  Cf. Warren v. Baskerville, 233 F.3d 204, 208, 2000 U.S.App. LEXIS® 28963 (4th Cir.2000)(state agency's correction of a misinterpretation of a pre-existing statute does not give rise to an ex post facto violation), cert. denied, 534 U.S. 831, 151 L.Ed.2d 41, 122 S.Ct. 76, 2001 U.S. LEXIS® 5732  (2001); and cf. also Crowley v. Landon, 780 F.2d 440, 444, 1985 U.S.App. LEXIS® 23835 (4th Cir.1985)(no ex post facto violation by state prison system in correcting prior misinterpretation of law where no law is being applied retroactively.).

# *Recommendation*

Accordingly, I recommend that the respondent's motion to dismiss, or, in alternative, motion for summary judgment (Entry No. 7) be treated as a motion for summary judgment because matters outside the pleadings have been considered.  I recommend that the respondent's motion

for summary judgment (Entry No. 7) be **granted** and that the petitioner's two motions for temporary restraining orders and preliminary injunctions (Entry No. 6 and Entry No. 9) be **denied.**  The attention of the parties is directed to the important notice on the next page.

Respectfully submitted,

January 27, 2006                       S/Bruce Howe Hendricks
Greenville, South Carolina             United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**