IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| MARK A. MCBRIDE, # 18456-001, | ) | C.A. No. 8:05-1682-25 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **WRITTEN OPINION AND ORDER** |
| JOHN J. LAMANNA, WARDEN OF | ) | |
| FPC-EDGEFIELD, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

In this *pro se* case, the petitioner, a federal prisoner currently incarcerated at the

Federal Correctional Institution in Edgefield, South Carolina, filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241. According to the petitioner, the Bureau of

Prison's ("BOP's") determination that he is ineligible for a one year sentence reduction

incentive, upon successful completion of the Residential Drug Abuse program, is arbitrary,

capricious, and manifestly contrary to statute. Specifically, the petitioner asserts there is no

specific or implied language contained within 18 U.S.C. § 3621(e)(2)(B), 28 C.F.R. §

550.58, or Program Statement 5330.10 which prohibits an inmate from receiving the early

release benefit if he had received it previously in an unrelated sentence. As relief, the

petitioner requests that the Court find that the BOP erred in its determination that he is

ineligible to receive the 18 U.S.C. § 3621(e) reduction and Order the BOP to change his

current status to eligible.

1

In response to the petitioner's allegations, the respondent filed a motion to dismiss and/or for summary judgment. (Doc. # 7). According to the respondent:

> ...[the petitioner] has no constitutionally protected right to early release from prison. Congress left an inmate's eligibility and release determination to the discretion of the Bureau of Prisons. Furthermore, a denial of early release does not impose atypical and significant hardship on an inmate.

(Respondent's Memo. p. 11)

The petitioner opposes this motion. Also presently pending before this Court are the petitioner's motions for a preliminary injunction and for a temporary restraining order (Docs. # 6, 9).

This matter now comes before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce H. Hendricks, to whom this case had previously been assigned. In her Report, Magistrate Judge Hendricks recommends that the respondent's motion for summary judgment be granted and that the petitioner's motions for a temporary restraining order and a preliminary injunction be denied. As reasoned by the Magistrate Judge:

> ...In light of Judge Currie's Order in Civil Action No. 4:02-2850-22BH, the decision of the Supreme Court in Lopez v. Davis, supra, the decision of the United States Court of Appeals for the Ninth Circuit in Grassi v. Hood, supra, and the decision of the United States court of Appeals for the Fourth Circuit in Pelissero v. Thompson, supra, the undersigned concludes that program statement (PS 5331.01) is a valid exercise of the discretion entrusted to the Federal Bureau of Prisons under 18 U.S.C. § 3621.

The plaintiff has filed objections to the Report.

In conducting its review of the Report and the objections filed thereto, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed, *de novo*, the Report and the objections thereto. The Court accepts the Report.

In sum, a *de novo* review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is **ORDERED** that the respondents' motion for summary judgment is **GRANTED** (Doc. # 7). In lieu of this Order, petitioner's motions for both a preliminary injunction and for a temporary restraining order are **DENIED** (Docs. # 6, 9).

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
United States District Court Judge

February 23, 2006
Florence, South Carolina

3